IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| HENRY MCMASTER, in his official capacity as Governor of the State of South Carolina, and SOUTH CAROLINA DEPARTMENT OF LABOR, LICENSING & REGULATION,<br><br>*Plaintiffs,*<br><br>v.<br><br>UNITED STATES DEPARTMENT OF LABOR; JULIE A. SU, in her official capacity as Acting Secretary of Labor; OCCUPATIONAL SAFETY AND HEALTH ADMINISTRATION; and DOUGLAS PARKER, in his official capacity as Assistant Secretary for Occupational Safety and Health,<br><br>*Defendants.* | Civil Action No.: 3:23-cv-01038-SAL<br><br>Civil Action No.: 3:22-cv-02603-SAL<br><br>**Plaintiffs' Motion to Stay** |

Plaintiffs respectfully move to stay both of these cases pending a decision from the Supreme Court of the United States in *Corner Post, Inc. v. Board of Governors of the Federal Reserve System*, No. 22-1639 (U.S.).

In support of this Motion, Plaintiffs show:

1. The decision to stay a case is within this Court's discretion. *See, e.g.*, *Maryland v. Universal Elections, Inc.*, 729 F.3d 370, 375 (4th Cir. 2013).

2. On August 8, 2022, Plaintiffs challenged Defendants' mandate that state civil penalties match federal civil penalties in No.: 3:22-cv-02603-SAL (*McMaster I*). This Court dismissed that case for lack of subject-matter jurisdiction on March 2, 2023. *See* Order, *McMaster I*, ECF No. 34.

3. Plaintiffs filed a new case on March 14, 2023, to assert claims challenging Defendants' mandate that state civil penalties match federal civil penalties over which this Court

did have jurisdiction. *See* No.: 3:23-cv-01038-SAL (*McMaster II*).

4. Defendants moved to dismiss certain claims to the 2016 Interim Final Rule as time-barred under 28 U.S.C. § 2401(a). *See* Mot. to Dismiss 12–16, *McMaster II*, ECF No. 12; Reply on Mot. to Dismiss 7–9, *McMaster II*, ECF No. 17. Plaintiffs opposed that motion, arguing their claims were timely. *See* Resp. to Mot. to Dismiss 8–12, *McMaster II*, ECF No. 14.

5. In addition to filing *McMaster II* and opposing the motion to dismiss, Plaintiffs moved under Rule 60(b) for leave to file an amended complaint in *McMaster I*. *See* Mot. for Relief from Judgment and for Leave to File Am. Compl., *McMaster I*, ECF No. 36. The briefing on that motion has focused heavily on the relation-back doctrine under Rule 15. *See* Resp. 21–22, *McMaster I*, ECF No. 40; Reply 2–5, *McMaster I*, ECF No. 41.

6. The U.S. Supreme Court recently granted a writ of certiorari in *Corner Post, Inc. v. Board of Governors of the Federal Reserve System*, No. 22-1639 (U.S.). The question presented there is:

> Does a plaintiff's APA claim "first accrue[]" under 28 U.S.C. §2401(a) when an agency issues a rule—regardless of whether that rule injures the plaintiff on that date (as the Eighth Circuit and five other circuits have held)—or when the rule first causes a plaintiff to "suffer[] legal wrong" or be "adversely affected or aggrieved" (as the Sixth Circuit has held)?

Pet. i, *Corner Post*, No. 22-1639 (U.S. Apr. 13, 2023).

7. One of the central questions in the motion to dismiss pending before this Court in *McMaster II* is the precise question that the Supreme Court is set to answer this Term in *Corner Post*. Judicial economy favors staying both cases while the Supreme Court considers this issue and until that Court provides a definitive answer on when the limitations period begins to run. To be sure, tolling questions may still exist in *McMaster II* after the Supreme Court issues its decision *Corner Post*, but even so, Defendants' limitations argument under § 2401(a) would be simpler to

answer with the Supreme Court's guidance.

8. If the Court stays *McMaster II*, it makes sense to stay *McMaster I* because there would be no need to address the relation-back question if the Supreme Court's decision in *Corner Post* confirms that the claims in *McMaster II* are timely (or if this Court determines that the limitations period should have been tolled).

9. This Court has previously stayed cases pending a Supreme Court decision. *See, e.g.*, *Latham v. Matthews*, 662 F. Supp. 2d 441, 471 (D.S.C. 2009) (staying a case pending a Supreme Court decision about "the proper test for accruing this statutory period").

10. In accordance with Rule 11, Plaintiffs have conferred with Defendants, who oppose this Motion and intend to file a brief opposition. According to Defendants, *Corner Post* should only govern situations where (as there) the plaintiff didn't exist and thus could not have brought a facial challenge within six years of the regulation's enactment.

The Court should therefore grant this Motion, stay both *McMaster I* and *McMaster II*, and order the parties to inform the Court within ten calendar days of the Supreme Court's decision in *Corner Post*.

Respectfully submitted,

s/Wm. Grayson Lambert
Thomas A. Limehouse, Jr. (Fed. Bar No. 12148)
*Chief Legal Counsel*
Wm. Grayson Lambert (Fed. Bar No. 11761)
*Senior Litigation Counsel*
Erica W. Shedd (Fed. Bar No. 13206)
*Deputy Legal Counsel*
OFFICE OF THE GOVERNOR
South Carolina State House
1100 Gervais Street
Columbia, South Carolina 29201
(803) 734-2100
tlimehouse@governor.sc.gov
glambert@governor.sc.gov

*Counsel for Governor McMaster*

s/Robert E. Horner
Robert E. Horner (Fed Bar No. 7872)
S.C. Dep't of Labor, Licensing & Regulation
P.O. Box 11329
Columbia, South Carolina 29211
803-896-4199
bob.horner@llr.sc.gov

*Counsel for S.C. Dep't of Labor, Licensing & Regulation*

November 7, 2023
Columbia, South Carolina

4