IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| HENRY MCMASTER, in his official capacity as Governor of South Carolina, *et al.*,<br><br>    Plaintiffs,<br>v.<br>UNITED STATES DEPARTMENT OF LABOR, *et al.*,<br><br>    Defendants. | Case No. 3:22-cv-2603-SAL |
| HENRY MCMASTER, in his official capacity as Governor of South Carolina, *et al.*,<br><br>    Plaintiffs,<br>v.<br>UNITED STATES DEPARTMENT OF LABOR, *et al.*,<br><br>    Defendants. | Case No. 3:23-cv-1038-SAL |

**DEFENDANTS' COMBINED OPPOSITION TO PLAINTIFFS' MOTIONS TO STAY**

    This combined memorandum serves as Defendants' opposition to Plaintiffs' motions to stay *McMaster v. U.S. Dep't of Labor*, No. 3:22-cv-2603-SAL (D.S.C. Nov. 7, 2023) ("*McMaster I*"), ECF No. 43, and *McMaster v. U.S. Dep't of Labor*, No. 3:23-cv-SAL (D.S.C. Nov. 7, 2023) ("*McMaster II*"), ECF No. 19, pending the Supreme Court's resolution of *Corner Post, Inc. v. Board of Governors of the Federal Reserve System*, No. 22-1008 (U.S.).

Because the Supreme Court's resolution of *Corner Post v. Board of Governors of the Federal Reserve System* is unlikely to bear on the pending motion to dismiss, Defendants respectfully oppose a stay of these proceedings.

The question presented by *Corner Post* is inapposite here. In that case, brought by a convenience store in North Dakota and two trade associations, the convenience-store plaintiff did not exist when the Federal Reserve issued a rule regulating the "interchange fees" charged by banks whenever customers use debit cards issued by those banks. *See* Pet. for Writ of Certiorari 7, *Corner Post v. Bd. of Governors of the Fed. Res. Sys.*, No. 22-1008 (U.S. Apr. 13, 2023) ("Cert Pet."). The rule was finalized in 2011, but the convenience store plaintiff was not incorporated until 2018. Accordingly, that plaintiff could not have brought suit within six years of the final agency action, as required by 28 U.S.C. § 2401(a). So the Supreme Court will consider when an APA claim "first accrue[s]," *id.* at i ("Question Presented"), with respect to a putative plaintiff that literally did not exist when the challenged regulation was issued.

That is not the case here. South Carolina has had an active State plan under the Occupational Safety and Health Act for decades, including in 2016 and 2017 when the rule that Plaintiffs seek to challenge here was promulgated and finalized. Indeed, Plaintiffs concede that they could have brought suit within six years of the rule's enactment. *See* Opp'n to Mot. to Dismiss. 8–12 (arguing only that equitable tolling should apply). Thus, South Carolina is more like the two trade-association plaintiffs in *Corner Post*, which existed when the Federal Reserve's rule was promulgated but nonetheless tried to sue more than six years later. *See* Br. for Resp. in Opp'n 5, *Corner Post*, No. 22-1008 (U.S. Jun. 16, 2023). Those plaintiffs were dismissed, their dismissal was affirmed, and neither trade association joined the petition for certiorari. If Plaintiffs were correct that *Corner Post* implicates putative plaintiffs that existed when the relevant rule was promulgated, then one must wonder why the other two plaintiffs did not join the petition. The

answer is that the question presented—and accepted—for review in *Corner Post* only implicates the putative plaintiff that *could not* have brought suit within six years. That is not South Carolina.

* * *

The Supreme Court in *Corner Post* is unlikely to upset the settled principle applicable here: when an APA plaintiff *could have* brought suit within six years of a rule's promulgation, but did not, its claims must be dismissed as untimely. And because *Corner Post* is unlikely to impact this Court's analysis, there is no need to stay this case.

Dated: November 21, 2023

Respectfully submitted,
BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

JULIE STRAUS HARRIS
Assistant Branch Director

/s/ *Jason C. Lynch*
JASON C. LYNCH (D.C. Bar No. 1016319)
Trial Attorney
Federal Programs Branch
U.S. Department of Justice, Civil Division
1100 L Street, NW
Washington, DC 20005
Telephone: (202) 514-1359
Email: Jason.Lynch@usdoj.gov

*Counsel for Defendants*