**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

HENRY MCMASTER, in his official capacity as Governor of the State of South Carolina, and SOUTH CAROLINA DEPARTMENT OF LABOR, LICENSING & REGULATION,

*Plaintiffs,*

v.

UNITED STATES DEPARTMENT OF LABOR; JULIE A. SU, in her official capacity as Acting Secretary of Labor; OCCUPATIONAL SAFETY AND HEALTH ADMINISTRATION; and DOUGLAS PARKER, in his official capacity as Assistant Secretary for Occupational Safety and Health,

*Defendants*.

Civil Action No.: 3:23-cv-01038-SAL

Civil Action No.: 3:22-cv-02603-SAL

**Plaintiffs' Reply in Support of Motion to Stay**

Plaintiffs respectfully submit this Reply in support of their Motion to Stay (*McMaster I*, ECF No. 43; *McMaster II*, ECF No. 19).

Defendants' opposition is premised on their contention that *Corner Post* is limited to "a putative plaintiff that literally did not exist when the challenge regulation was issued." Opp'n 2. For at least two reasons, they are incorrect.

*First*, the question presented in *Corner Post* is not limited in the way that Defendants read it. The question asks:

> Does a plaintiff's APA claim "first accrue[]" under 28 U.S.C. §2401(a) when an agency issues a rule—regardless of whether that rule injures the plaintiff on that date (as the Eighth Circuit and five other circuits have held)—or when the rule first causes a plaintiff to "suffer[] legal wrong" or be "adversely affected or aggrieved" (as the Sixth Circuit has held)?

Pet. i, *Corner Post*, No. 22-1008 (U.S. Apr. 13, 2023); *see also* Br. for Petitioner i, *Corner Post*,

No. 22-1008 (U.S. Nov. 13, 2023). This question is much broader than whether a plaintiff existed at the time the rule was promulgated. Although the question arose in that context, the question posed in the Supreme Court's grant of certiorari indicates that its decision may have a far-reaching impact that includes the scenario facing the Court here. There is no reason for this Court to preemptively narrow the question presented in that case, especially when it may prevent a waste of judicial resources in this Court.

*Second*, Defendants' attempt to analogize the State Plan to the trade associations from the lower-court litigation in *Corner Post* is an inapt comparison. *See* Opp'n 2–3. In that case, trade associations were some of the parties challenging the regulation about fees on debit-card transactions in the district court and the court of appeals, but they are not petitioners in the Supreme Court. Defendants treat the trade associations' absence in the Supreme Court as instructive about the scope of the question there. But Defendants overlook a critical part of *Corner Post*: There was never any suggestion in *Corner Post* that the challenged regulation was not enforced. *See N.D. Retail Ass'n v. Bd. of Governors of the Fed. Rsrv. Sys.*, 55 F.4th 634, 637–38 (8th Cir. 2022), *cert. granted sub nom. Corner Post, Inc. v. Bd. of Governors, FRS*, No. 22-1008, 2023 WL 6319653 (U.S. Sept. 29, 2023). Thus, the associations in *Corner Post* were required to comply with that rule for more than six years before that lawsuit was filed.

Here, Defendants' failure to enforce the challenged rule is a central part of the case. Unlike the associations in *Corner Post*, the South Carolina State OSHA Plan did not face regulatory enforcement by the Defendants for years. When Defendants took a step to enforce the mandate regarding the federal civil penalties after years of inaction (that is, as soon as Plaintiffs suffered a legal wrong and were aggrieved, to use the language from the *Corner Post* question), Plaintiffs brought this lawsuit. This case therefore falls squarely within the question presented in *Corner*

*Post*.

The Court should therefore grant this Motion, stay both *McMaster I* and *McMaster II*, and order the parties to inform the Court within ten calendar days of the Supreme Court's decision in *Corner Post*.

Respectfully submitted,

s/Wm. Grayson Lambert
Thomas A. Limehouse, Jr. (Fed. Bar No. 12148)
*Chief Legal Counsel*
Wm. Grayson Lambert (Fed. Bar No. 11761)
*Senior Litigation Counsel*
OFFICE OF THE GOVERNOR
South Carolina State House
1100 Gervais Street
Columbia, South Carolina 29201
(803) 734-2100
tlimehouse@governor.sc.gov
glambert@governor.sc.gov

*Counsel for Governor McMaster*

s/Robert E. Horner
Robert E. Horner (Fed Bar No. 7872)
S.C. Dep't of Labor, Licensing & Regulation
P.O. Box 11329
Columbia, South Carolina 29211
803-896-4199
bob.horner@llr.sc.gov

*Counsel for S.C. Dep't of Labor, Licensing & Regulation*

November 28, 2023
Columbia, South Carolina